UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHAN DAVID WILKE,

           Petitioner,

v.                                                   Case No. 24-cv-674-bhl

GARY BROUGHTON,

           Respondent.

## SCREENING ORDER

On May 30, 2024, Jonathan David Wilke, a state prisoner currently incarcerated at the Wisconsin Secure Program Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On June 4, 2024, Wilke paid the accompanying filing fee, and his petition is now ready for screening.

### SCREENING THE PETITION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Wilke's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court.

### BACKGROUND

On March 12, 2020, Wilke was convicted by a jury of attempted first degree homicide, three counts of first degree reckless endangerment, and two counts of unlawful firearm possession. (ECF No. 1 at 2.); Court Record, *State v. Wilke*, Case No. 2017CF003559, Milwaukee Cnty. Cir. Ct. (available electronically at https://wcca.wicourts.gov). On September 30, 2020, Wilke was sentenced to 36.5 years of initial incarceration followed by 19.5 years of extended supervision.

(ECF No. 1 at 2.); Court Record, *Wilke*, Case No. 2017CF003559, Milwaukee Cnty. Cir. Ct. Wilke's conviction stems from an April 28, 2017 incident in which a man wearing glasses fired a handgun into a minivan parked in a Milwaukee alleyway, striking one of its four passengers multiple times. (ECF No. 2 at 1–2.)

Wilke appealed his conviction in May 2021. (ECF No. 1 at 3.) On appeal, he offered two challenges to the admission of evidence from a lineup at which a minor in the minivan identified him. Wilke argued that the lineup violated his Sixth Amendment right to counsel because his trial counsel was not present during the lineup. He also argued that the lineup was impermissibly suggestive. In addition to these challenges, Wilke also contended that his Fourteenth Amendment rights were violated when the court admitted "speculative" testimony from another occupant of the minivan concerning her emotional reaction to a photo array. (ECF No. 2 at 4); *State v. Wilke*, No. 2020AP1995-CR, 2023 WL 4445534 (Wis. Ct. App. July 11, 2023). The Wisconsin Court of Appeals affirmed Wilke's conviction on July 11, 2023, concluding that any errors made in connection with the lineup were harmless and that Wilke's counsel had waived any challenges to the photo array testimony. (ECF No. 1 at 3); *Wilke*, 2023 WL 4445534, at *2. Wilke appealed to the Wisconsin Supreme Court on August 23, 2023, and was denied review on October 30, 2023. (ECF No. 1 at 3.) He appealed to the United States Supreme Court on January 25, 2024, and was denied review on February 26, 2024. (*Id.* at 4.) This habeas petition followed.

In his habeas petition, Wilke asserts three grounds for relief. First, he contends his Sixth Amendment right to counsel was violated when he was subjected to a line up without his trial counsel being present. Second, he asserts his Sixth and Fourteenth Amendment rights were violated at trial when the court admitted the speculative testimony concerning the photo array. Third, he contends he is actually innocent based on new evidence. (*Id.* at 6–8.) With his petition, Wilke has also filed a brief in support of his petition, (ECF No. 2), 568 pages of exhibits (consisting mostly of state court transcripts), (ECF No. 2-1), and a sworn declaration attesting to the authenticity of two pieces of additional evidence (a photo and video recording) that he contends support his actual innocence claim. (ECF No. 3.) Wilke asks the Court to order that he be released from prison within 90 days unless the State of Wisconsin chooses to retry him. (ECF No. 1 at 12.)

## ANALYSIS

To pursue federal habeas relief, a petitioner must establish that he has filed the petition timely and has exhausted his state court avenues of relief for all claims presented. *See* 28 U.S.C.

§§ 2244(d)(1), 2254(b)(1)(A). Wilke's first and second grounds are timely and properly exhausted. His petition establishes that he raised both claims at every level of the state courts and his petition comes well within the Antiterrorism and Effective Death Penalty Act (AEDPA)'s one-year statute of limitations. Accordingly, Wilke may proceed on those grounds.

As Wilke acknowledges, however, he has not exhausted his state remedies on ground three. This dooms his attempt to raise this ground here. Section 2254 expressly requires that a federal habeas petitioner exhaust his state court remedies as a condition to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Inherent in the exhaustion requirement "is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). Thus, any claim that Wilke wishes to bring in his federal habeas proceeding must first be presented to the state courts. Wilke tries to excuse his failure to exhaust by claiming that "[a]ctual [i]nnocence is not a recognized claim in the State of Wisconsin." (ECF No. 1 at 8.) This assertion is incorrect. Under Wisconsin law, a judgment of conviction may be set aside based on newly discovered evidence of actual innocence. *See State v. Avery*, 826 N.W.2d 60, 68–69 (Wis. 2013). Having failed to present this issue in state court, Wilke cannot raise it in a federal habeas petition.

Moreover, Wilke's third claim also fails because it is clear from his petition and accompanying exhibits that he is not entitled to relief. *See* Rule 4, Rules Governing § 2254 Cases. As a general matter, claims of actual innocence based on new evidence are not an independent ground for federal habeas relief; instead, a petitioner "must show that his conviction violates the Constitution, laws, or treaties of the United States." *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). And, even assuming that habeas relief could be available on a freestanding actual innocence claim, Wilke would need to provide evidence establishing that he is "unquestionably innocent as a substantive matter." *See Dixon v. Williams*, 93 F.4th 394, 404 (7th Cir. 2024). Wilke's petition falls well short of this "extremely high standard." *See id.* at 407. He provides only two pieces of evidence supporting his claim. First, he attaches a Facebook photo purporting to show Alberto Luna wearing prescription glasses. (ECF No. 1 at 8; ECF No. 3-1.) According to Wilke, he presented a *Denny* defense[1] at trial

---

[1] In Wisconsin, "[a] *Denny* defense permits a defendant to raise a third-party perpetrator defense if the defendant can show 'a "legitimate tendency" that the third person could have committed the crime.'" *State v. Mull*, 987 N.W.2d 707, 716 n.10 (Wis. 2023) (quoting *State v. Denny*, 357 N.W.2d 12, 17 (Wis. Ct. App. 1984)).

pointing to Luna as the perpetrator. (ECF No. 2 at 13–14.) The State argued at trial that Luna does not wear glasses. (*Id.*) Second, Wilke provides the Court with a body camera video from Milwaukee Police Officer Tolentino that shows that the headlights of the minivan in which the victim was shot were not turned on when the officer arrived on scene shortly after the shooting. Multiple witnesses testified at trial that the headlights were turned on, thus providing an illuminated view of the perpetrator. (ECF No. 1 at 9.) Even if the Court accepts that Luna wore glasses and the minivan's headlights were off when the shooting occurred, these additional facts do not establish Wilke's unquestionable innocence. At most, they are ambiguous evidence related to the circumstances of the crime. While they might be used to case some level of doubt in eyewitnesses' identification of Wilke as the shooter, they do not show Wilke is actually innocent. Accordingly, the Court will dismiss ground three pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that Wilke may continue with the first and second grounds for relief in his habeas petition, ECF No. 1. It is plain from Wilke's petition and supporting exhibits that he is not entitled to relief on his third ground and it is therefore **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order, Respondent shall either answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, or file a dispositive motion.

**IT IS FURTHER ORDERED** that if Respondent files an **answer** to the petition:

1. Petitioner shall have **45 days** following the filing of Respondent's answer within which to file his brief in support of his petition.
2. Respondent shall have **45 days** following the filing of Petitioner's initial brief within which to file a brief in opposition.
3. Petitioner shall have **30 days** following the filing of the Respondent's opposition brief within which to file a reply brief, if any.

**IT IS FURTHER ORDERED** that if the Respondent files a **dispositive motion** and supporting brief in lieu of an answer:

1. Petitioner shall have **45 days** following the filing of Respondent's motion within which to file a brief in opposition.

2. Respondent shall have **30 days** following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

**IT IS FURTHER ORDERED** that Civil L.R. 7(f) applies to the parties' submissions and the Petitioner shall send copies of all future correspondence or filings with the court to counsel for the Respondent.

Dated at Milwaukee, Wisconsin on August 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge